IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KEITH WALKER, INDIVIDUALLY AND
AS REPRESENTATIVE OF THE ESTATE
OF DARRYL JACKSON, Deceased,

PLAINTIFF

vs.                              CASE NO. 1:19-cv-01028-SOH

DEERE & COMPANY d/b/a JOHN DEERE and GERINGHOFF
MANUFACTURING, LLC,

DEFENDANTS

**DEFENDANT DEERE & COMPANY'S BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Deere & Company ("Deere"), pursuant to Fed. R. Civ. P. 12(b)(1),

12(b)(6), and 17(a), for its brief in support of its motion to dismiss the complaint of

Amended Complaint plaintiff Keith Walker, individually and as representative of

the estate of Darry Jackson, deceased ("Plaintiff"), states:

**BACKGROUND**

**I.      FACTUAL BACKGROUND**

This is a survival and wrongful death claim which centers on allegations that

a John Deere combine (the "Combine") and a Geringhoff corn header ("Corn

Header") did not function as expected and caused the death of Darryl Jackson

("Jackson").  According to the complaint, on or about August 28, 2018, Jackson was

harvesting corn on a farm in Wilmot, Ashley County, Arkansas, along with a co-

worker who was operating the Combine and Corn Header. Jackson was fatally

wounded in an agricultural accident on that date, and the facts surrounding said

accident are the subject of this litigation, as well as a companion litigation for the same incident that is currently pending before this Court.

## II.     THE GIBBS ACTION

On January 15, 2019, Darryl Gibbs ("Gibbs") petitioned the probate division of Ashley County in Case No. PR-2019-8-2 for appointment as the administrator of Jackson's estate. See Exhibit A.  In his petition, Gibbs swore that he and Leakeasha Spikes ("Spikes") were the only children of Jackson. Exhibit A.   On January 16, 2019, the Ashley County Circuit Court Judge B. Kenneth Johnson found that Gibbs and Spikes were the lawful heirs of Jackson. Exhibit A.  In that same Order, Gibbs was appointed administrator of the estate of Jackson. Exhibit A.  Gibbs, in his capacity as administrator of Jackson's estate, filed a survival and wrongful death action before this Court in Case No. 1:19-CV-1021-SOH. See Exhibit B.  Gibbs' survival and wrongful death action listed Jackson's survivors as Gibbs, Spikes, and four siblings of Jackson. Exhibit B.  The Gibbs action, asserts survival and wrongful death claims alleging that the Combine and Corn Header did not function as expected and caused the death of Jackson. The Gibbs action is pending before this Court and is set for trial May 10, 2021. See Exhibit C.

## III.    THE INSTANT WALKER ACTION

On or about June 21, 2019, Plaintiff filed his original Complaint. *Compl.*, Docket #2.  This cause, like the Gibbs Action, is a survival and wrongful death claim which centers on allegations that the Combine and Corn Header did not function as expected and caused the death of the Plaintiff's purported father, Darryl Jackson.

2

*Am. Compl.*, ¶5, 6 and 7.  The Complaint listed "John Deer [sic] North America" as the lone defendant in the cause. *Id*.  On November 11, 2019, Plaintiff filed a Motion to Amend Complaint. Docket #9.  The Court issued an Order granting Plaintiff's Motion to Amend Complaint of November 26, 2019. Docket #10.  Plaintiff filed his Amended Complaint on December 2, 2019, which names two defendants, "Deere & Company d/b/a John Deere" and Geringhoff Manufacturing. Docket #12.  The Amended Complaint does not allege that the Plaintiff is the personal representative of Darryl Jackson. See *Am. Compl.*, generally.  In fact, Plaintiff is not the personal representative of Darryl Jackson's estate. Rather, Darryl Gibbs was named the personal representative of the estate of Darryl Jackson. Exhibit A.  Gibbs, in his capacity as personal representative, has brought suit for the same incident at issue in this cause which is before this Court. See Exhibit B.  Deere has been thrust into the position of litigating this action and the Gibbs' action, which both contain allegations arising from the same incident. See Docket #33 of *Civil Action No. 1:19-cv-1021-SOH*.  Deere did file a motion to consolidate both actions since they arise from the same occurrence. See Docket #21 of *Civil Action No. 1:19-cv-1021-SOH*. However, Deere has always maintained, in its communications with opposing counsel and otherwise, that it was legally improper for both actions to proceed due to the lack of standing.

2018283-v1

## MEMORANDUM OF LAW

### I.     THE LEGAL STANDARD FOR DISMISSAL

Standing is determined as of the lawsuit's commencement, so the federal district court must consider the facts as they existed at that point. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). "[I]f a plaintiff lacks standing, the district court has no subject matter jurisdiction." *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). Accordingly, challenges to a plaintiff's standing to sue are properly raised under Rule 12(b)(1). *Id.* Dismissal under Rule 12(b)(1) is warranted where a plaintiff does not establish subject matter jurisdiction exists; Rule 12(b)(1) provides that a court must dismiss a matter for lack of subject matter jurisdiction. *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir. 1990). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction. *Id.* at n.6. In a facial attack, the court is limited to the "face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* A factual attack allows the court to look outside of the pleadings and it does not provide the non-moving party with the Rule 12(b)(6) safeguards. *Id.* Particularly, unlike a 12(b)(6) motion, when there is a factual challenge to the court's subject matter jurisdiction, no presumption of truthfulness applies to the allegations in plaintiff's complaint. *Id.* At 730. Further, the court may properly consider documents outside of the pleadings without converting the motion into one for summary judgment. *Id.* at 729. Further, a district court hearing a 12(b)(1) motion must resolve any factual

4

disputes and "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* At 730.

When a defendant raises a challenge to a district court's subject matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Pursuant to Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed when the district court lacks subject matter jurisdiction.

Under Rule 12(b)(6), dismissal should be granted if a plaintiff fails to make factual allegations that are "enough to raise a right to relief above a speculative level," and are sufficient to show "a plausible entitlement" to recovery under a viable legal theory. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570, 555 and 559 (2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and citations omitted).

## II.     PLAINTIFF'S CLAIMS AGAINST DEERE FAIL AS A MATTER OF LAW BECAUSE PLAINTIFF LACKS STANDING

Article III of the U.S. Constitution limits the role of the federal judiciary to resolve cases and controversies. Under Article III, a plaintiff must have standing for a dispute to fall within the subject-matter of the federal court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Under *Lujan*, the three elements of standing are

5

(1) the plaintiff suffered an "injury in fact," (2) there is a casual connection between that injury and the conduct alleged in the action, and (3) it must be likely the injury will be redressed by a favorable decision. *Id.* at 561. It is the plaintiff's burden to establish standing for litigation and to do so at each stage. *Id.* "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972)). "[T]he standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Allen v. Wright*, 486 U.S. 737, 752 (1984).

Fed. R. Civ. Pro. 17(a) provides that a party bringing suit must be a "real party in interest."

Under Rule 17 (b)(3), capacity to sue is governed by the law of the state where the court is located. *Myers v. Richland County*, 429 F.3d 740, 749 (8th Cir. 2005). "In a diversity action, state law determines the issue of who is a real party in interest." *Jaramillo v. Burkhart*, 999 F. 2d 1241, 1246 (8th Cir. 1993). Thus, Arkansas law is determinative on this issue.

Plaintiff has brought action based on wrongful death (loss of consortium) and survivorship. Arkansas's Wrongful Death Code 16-62-102(b) (2018) provides that when there is a personal presentative for an estate, the personal representative is the party to bring suit. Arkansas law gives only the personal representative, <u>not the beneficiaries</u>, standing to bring a wrongful death action. *Cude v. Cude*, 691 S.W. 2d

6

866, 867 (Ark. 1985). The wrongful death code does not create an individual right in any beneficiary to bring suit. *Brewer v. Lacefield*, 784 S.W. 2d 156, 158 (Ark. 1990) (citing *Cude)*. In *Norton v. Luttrell*, 257 S.W. 3d 580, 582 (Ark. App. Div. 3 2007), the Court granted summary judgment for the defendant because the party bringing the suit was not the personal representative and had not named all of the heirs in the suit. Similarly, in *Recinos v. Zelk*, 250 S.W. 3d 221, 225 (Ark. 2007), the Court held that only a personal representative could file suit and not heirs at law and affirmed dismissal of the suit brought by persons who were not the personal representative. In the instant case, there is a personal representative who has standing to bring an action, and did bring an action, it just is not Plaintiff. There is a probate action which identifies the heirs of Jackson, but does not include the Plaintiff. Assuming there is proof to Plaintiff's claim that he is an heir of the decedent, he has no individual right or legal authority to bring suit, and must instead work with the properly appointed personal representative to assert claims on his behalf.

Correspondingly, Arkansas Code §16-62-101 governs survivorship actions. It specifically provides actions may be brought by the "executor or administrator." "In a survival action, the administrator asserts the decedent's own cause of action, and only the administrator may bring this cause of action." *First Commercial Bank, N.A., Little Rock, Ark. V. United States*, 727 F. Supp. 1300, 1302 (W.D. Ark. 1990). A survival claim may only be brought by the personal representative of the estate and in this case Plaintiff is not the personal representative and therefore, lacks

7

standing. *Norton* at 582. Even if Plaintiff is a rightful heir of Jackson, he is not the administrator of the estate and has no legal right to bring suit. As he is not the personal representative of the estate, Plaintiff's filing of this action is in clear contravention of Arkansas law.

Plaintiff's Amended Complaint is a nullity, as is the original Complaint, and Plaintiff has no legal authority to bring the claims alleged. There is no procedural cure in place for Plaintiff to attempt to remedy the nullity created by his lack of standing. Since there is no complaint to relate back to, Rules 15 and 17 do not apply. *Norton* at 582. Moreover, Rule 17(a) only prevents forfeiture when the plaintiff brought action in his name because determination of the real party of interest was difficult or when an understandable mistake was made. *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 418 (8th Cir. 1967), *rev'd* on other grounds, 419 F.2d 480 (8th Cir. 1969). In the instant case, the identity of the real party in interest has been readily apparent since January 16, 2019, when Darryl Gibbs was named personal representative of the estate and more than five months before Plaintiff filed his original Complaint. (See Exhibit A). There is no confusion or understandable mistake, Plaintiff simply wanted to bring his own claim even though he clearly lacks the legal authority to do so.

### III.   PLAINTIFF HAS FAILED TO ALLEGE SPECIFIC CAUSES OF ACTION

While Plaintiff's lack of standing is a fatal flaw, Plaintiff has failed to sufficiently plead causes of action pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff's vague allegations fail to adequately state a cause or causes of action. Plaintiff does

8

not delineate claims, rather, he puts multiple vague allegations under the heading "Causes of Actions as to John Deere." *Am. Compl.* ¶¶ 14-26. (It is also noteworthy that one paragraph under that heading, ¶19, relates only to the Corn Header, which is, by Plaintiff's own admission, not a Deere product.) Fed. R. Civ. Pro. 10(b) requires that discreet claims be pled in separate counts. *Janes, Inc. v. Moates*, 2014 U.S. Dist. LEXIS 12282 (W.D. Ark. January 31, 2014). Plaintiff has lumped together vague allegations without coherent organization, which makes it difficult for Deere to respond to the allegations. Consequently, Plaintiff, were his complaint not ruled a nullity, should be required to plead his claims in distinct counts.

## <u>CONCLUSION</u>

Pursuant to Fed. R. Civ. Pro. 17(a) and (b) and Arkansas law, the Plaintiff is not a party in interest and lacks standing to bring the claims alleged. Due to Plaintiff's lack of standing, the Court is without subject matter jurisdiction under Rule 12(b)(1). Further, Plaintiff Plaintiff's Amended Complaint is insufficient to state a cause of action pursuant to Fed. R. Civ. Pro. 12(b)(6). Therefore, the Amended Complaint is a nullity and must be dismissed.

2018283-v1

David L Jones
2002128
Attorney for Defendant Deere & Company
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL:  djones@wlj.com