IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

KEITH WALKER                                                                                    PLAINTIFF

v.                                         Case No. 1:19-cv-1028

DEERE & COMPANY d/b/a JOHN DEERE and
GERINGHOFF MANUFACTURING, LLC                                                  DEFENDANTS

## ORDER

Before the Court is Defendant Deere & Company's Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 16). Plaintiff Keith Walker has not responded and his time to do so has passed. *See* Local Rule 7.2(b). The Court finds that the matter is ripe for consideration.

## I. BACKGROUND

This is a wrongful death and survivor case. On August 28, 2018, Darryl Jackson ("Jackson") was harvesting corn on a farm in Ashley County, Arkansas. Jackson and a coworker were allegedly using a combine harvester designed, manufactured, and sold by Defendant Deere that was equipped with a corn header[1] designed, manufactured, and sold by Defendant Geringhoff Manufacturing, LLC. The combine and corn header allegedly did not function as expected and fatally wounded Jackson.

On January 15, 2019, Darryl Gibbs ("Gibbs") petitioned the Circuit Court of Ashley County, Arkansas for appointment as administrator of Jackson's estate. The Ashley County probate court found that Gibbs and Leakeasha Spikes were Jackson's only children and heirs, and appointed Gibbs as administrator of Jackson's estate. On May 17, 2019, Gibbs, as representative of Jackson's estate, filed a lawsuit in this Court, asserting wrongful death and survival claims based on negligence and strict

---

[1] "A corn header is a piece of equipment . . . that attaches to the front of a combine . . . [and] serves to mechanically harvest ears of corn and place them in a bin." *Ford Motor Co. v. Rodgers*, 337 So. 2d 736, 738 (Ala. 1976).

products liability against Defendants in connection with the August 28, 2018 agricultural accident.[2]

On June 21, 2019, Plaintiff filed this separate action against Defendant Deere. On December 12, 2019, Plaintiff filed an amended complaint, adding Defendant Geringhoff to the action. Plaintiff alleges that he is one of Jackson's children and heirs, and although his amended complaint does not separately set out his causes of action against Defendants, he appears to assert wrongful death and survival claims based on negligence and products liability in connection with the August 28, 2018 agricultural accident.[3]

On January 14, 2020, Defendant Deere filed the instant motion, requesting dismissal of this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and 17. Alternatively, Defendant Deere seeks dismissal of this case pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

Defendant Deere seeks dismissal of this case pursuant to Rule 12(b)(1) because Plaintiff is not the administrator of Jackson's estate and, thus, lacks standing to bring the case at bar. Alternatively, Defendant Deere requests dismissal under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has not responded to the motion, but this alone is not grounds to grant the relief requested. *See* Local Rule 7.2(f).

The Court must first address Defendant Deere's standing argument because it implicates subject matter jurisdiction, a threshold requirement that must be satisfied in every case. If necessary, the Court will then address the Rule 12(b)(6) argument.

Defendant Deere argues that Plaintiff lacks standing to assert wrongful death and survival claims because he is not the administrator or personal representative of Jackson's estate and, thus, he is not a "real party in interest" as contemplated by Federal Rule of Civil Procedure 17. Accordingly,

---

[2] Case No. 1:19-cv-1021-SOH.

[3] The case caption of Plaintiff's original complaint stated that he brought this suit individually and as representative of the estate of Darryl Jackson. However, the amended complaint removed this language.

Defendant Deere argues that, because Arkansas law requires that wrongful death and survival claims must be brought by the personal representative of an estate, this case should be dismissed pursuant to Rule 12(b)(1).

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013). The Federal Rules of Civil Procedure authorize a party to challenge a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction . . . is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991)

If a plaintiff lacks Article III standing to sue, the district court has no subject matter jurisdiction. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). The "irreducible constitutional minimum of standing" is that a plaintiff must show: (1) an "injury-in-fact" that (2) is "fairly . . . trace[able] to the challenged action of the defendant" and (3) is "likely . . . [to] be redressed by a favorable decision" in court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). If a federal court lacks subject matter jurisdiction over a given case, that case must be dismissed. *See Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012). The party claiming that federal subject matter jurisdiction exists has the burden of demonstrating that fact. *See Schieffer*, 715 F.3d at 712.

A challenge to jurisdiction under Rule 12(b)(1) may proceed in one of two ways: as a facial challenge or as a factual challenge. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). The difference boils down to what materials the Court considers in deciding the motion.

A party makes a facial challenge by arguing that the plaintiff has not alleged sufficient jurisdictional facts. In deciding a facial challenge, the Court looks only at the pleadings and essentially uses the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdiction claim. *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (stating the post-*Twombly* standard for Rule 12(b)(6)). When a complaint is facially challenged on jurisdiction, all the

3

factual allegations in the complaint are presumed to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

If, on the other hand, the movant challenges the factual accuracy of the plaintiff's jurisdiction claims and asks the Court to consider matters outside the pleadings to determine their accuracy, then the Court determines the factual accuracy of the jurisdiction claims without giving the other party any beneficial Rule 12(b)(6) assumption. *Osborn*, 918 F.2d at 729 n.6; *Titus*, 4 F.3d at 593. In that instance, the Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn*, 918 F.2d at 729-30 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

Defendant Deere does not specify whether it mounts a facial or factual challenge on subject matter jurisdiction. However, it appears that the instant motion presents a facial attack, as it argues that Plaintiff's failure to allege that he is the personal representative or administrator of Jackson's estate precludes him from bringing a wrongful death and survival action in connection with Jackson's death.[4] Accordingly, the Court must look only at the pleadings and use the Rule 12(b)(6) standard to determine whether the complaint states a facially plausible jurisdiction claim. *Id.* at 729 n.6. However, the Court may still consider the exhibits submitted in support of the instant motion because they are judicial records falling within the public record. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (stating that, in a Rule 12(b)(6) analysis, courts may consider materials "that are part of the public record"); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (providing that judicial records are considered part of the public record). Thus, the Court takes judicial notice of Defendant Deere's exhibits.

---

[4] Had the instant motion been filed when Plaintiff's original complaint was still operative, the instant motion would have likely asserted a factual challenge. Plaintiff brought his original complaint individually and as personal representative of Jackson's estate, and Defendant Deere contends that Gibbs was actually appointed the administrator of Jackson's estate. However, Plaintiff's amended complaint indicates that he now proceeds individually.

4

"Under current Arkansas law, when a person's death is caused by the negligence of another, two causes of action arise." *Davis v. Parham*, 362 Ark. 352, 360, 208 S.W.3d 162, 167 (2005). "First, there is a cause of action for the estate under the survival statute, and, second, there is a cause of action for the statutory beneficiaries under the wrongful-death statute." *Id.* Actions for survivorship and wrongful death are separate and distinct in nature." *First Commercial Bank, N.A., Little Rock, Ark. v. United States*, 727 F. Supp. 1300, 1302 (W.D. Ark. 1990).

Under the Arkansas survival statute, codified at Ark Code Ann. § 16-62-101, the tort claims the decedent could have otherwise brought but for his death survive to be asserted by the personal representative of the decedent's estate.[5] *Baker v. State Farm Fire & Cas. Co.*, 34 Ark. App. 59, 61, 805 S.W.2d 665, 667 (1991). A survival action may be brought only by the personal representative of the decedent's estate. *Dachs v. Hendrix*, 103 Ark. App. 184, 188, 287 S.W.3d 627, 630 (2008).

Arkansas's wrongful death statute creates a separate cause of action in the decedent's survivors when a person's death is caused by a wrongful act that would have allowed that person to maintain a cause of action and recover damages if death had not ensued. Ark. Code Ann. § 16-62-102(a)(1). Wrongful death claims must be brought by the decedent's personal representative or, if there is no personal representative, by the decedent's heirs. *Ramirez v. White Cnty. Cir. Ct.*, 343 Ark. 372, 377, 38 S.W.3d 298, 301 (2001).

Plaintiff does not allege that he is the administrator of Jackson's estate. In fact, one of the exhibits offered by Defendant Deere establishes that Gibbs, not Plaintiff, was appointed the administrator of Jackson's estate. Thus, Plaintiff, acting individually, lacks the legal right to bring

---

[5] There is functionally no difference between a "personal representative" of an estate and an "administrator" of an estate. An estate administrator is a type of personal representative, appointed by a probate court to oversee the probate of the estate of an intestate decedent. 4 Lynn Foster & G. S. Brant Perkins, *Arkansas Probate & Estate Admin.* § 9:1; *see also Hubbard v. Nat'l Healthcare of Pocahontas, Inc.*, 371 Ark. 444, 448, 267 S.W.3d 573, 575-57 (2007) (referring to a party interchangeably as the "administrator" and "personal representative" of an estate).

5

wrongful death or survival claims against Defendants in connection with Jackson's death.[6] *Ramirez*, 343 Ark. at 377, 38 S.W.3d at 301 (stating that wrongful death claims must be brought by the decedent's personal representative); *Dachs*, 103 Ark. App. at 188, 287 S.W.3d at 630 (stating that survival claims must be brought by the decedent's personal representative). Accordingly, Plaintiff does not have standing to assert his claims in this suit. Defendant Deere's motion to dismiss pursuant to Rule 12(b)(1) should be granted.[7]

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant Deere's motion to dismiss (ECF No. 16) should be and hereby is **GRANTED**. Plaintiff's claims against Defendants are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 31st day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[6] Assuming that Plaintiff is indeed an heir of Jackson, he must allow the properly appointed administrator of Jackson's estate to assert wrongful death and survival claims on his behalf.

[7] For this reason, it is unnecessary to address Defendant Deere' Rule 12(b)(6) arguments in detail. However, Plaintiff's claims would also be properly dismissed for failure to state a claim upon which relief may be granted. Taking Plaintiff's well-pleaded allegations as true, he has not pleaded that he is Jackson's personal representative. For the reasons discussed in this order, he is therefore barred from bringing wrongful death and survival claims in connection with Jackson's death.